UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT P. McCOWAN,<br><br>    Petitioner,<br><br>v.<br><br>TRUST ACCOUNT OFFICE STAFF AND SUPERVISORS, et al.,<br><br>    Respondents. | Case No. 16-cv-02147-DMR (PR)<br><br>**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*; DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY** |

This case was opened when Petitioner, a state prisoner at the Salinas Valley State Prison ("SVSP"), filed a document which appears to be a California state superior court form entitled, "Petition for Writ of Habeas Corpus." Dkt. 1. The Clerk of the Court thus opened this case as a habeas corpus action.

This action has been assigned to the undersigned magistrate judge. Plaintiff has consented to magistrate judge jurisdiction in this matter. Dkt. 4.

The petition does not attempt to challenge either the fact of Petitioner's conviction or the length of his sentence, however. Rather, it is based entirely on the conditions of his confinement. In fact, on the state habeas form under the section labeled, "This petition concerns," Petitioner marked the box labeled, "Jail or prison conditions." *Id.* at 2. He then adds: "Trust Office Extortion Abusing Fun[d]s." *Id.* Specifically, Petitioner, who has filed previous actions in this court, claims that the Prison Trust Account Office is withdrawing too much money from his trust account to pay for his various court costs. *Id.* at 3, 6. He further claims that he has "been deprived monthly canteen also, and [has been] continuely [sic] harassed, dealing with retaliation, when [he] receive[s] money from [his] family." *Id.* He has also filed a request for a preliminary injunction

for the court to order the Prison Trust Account Office to "follow rules." Dkt. 8 at 1. He also complains that he is being harassed by SVSP prison staff because he filed the instant action. *Id.*

However, a federal habeas petition is not the proper way to raise the aforementioned claims. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint). In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed *in forma pauperis* is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400.00 ($350 filing fee plus $50 administrative fee), and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account.[1] *See* 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the court were to construe the petition as a civil rights complaint, the case is DISMISSED without prejudice to his filing a civil rights action if he wishes to do so in light of the above. Petitioner's motion for a preliminary injunction is also DENIED as premature. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) (motion for preliminary injunction cannot be decided until parties to action are served). The denial is without

---

[1] Even if the prisoner is granted leave to proceed *in forma pauperis*, he or she must still pay the $350 filing fee (not the $50 administrative fee), but the filing fee will be taken out of his or her prisoner account in installments.

2

1  prejudice to refiling such a motion should he file a new civil rights action.

2  Petitioner's motion for leave to proceed *in forma pauperis* (dkt. 5) is GRANTED.

3  Because reasonable jurists would not find the result here debatable, a certificate of

4  appealability ("COA") is DENIED.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)

5  (standard for COA).

6  The Clerk shall enter judgment and close the file.

7  This Order terminates Docket Nos. 5 and 8.

8  IT IS SO ORDERED.

9  Dated:  October 11, 2016

DONNA M. RYU
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT P. MCCOWAN,

    Plaintiff,

    v.

TRUST ACCOUNT OFFICE STAFF AND SUPERVISOR, et al.,

    Defendants.

Case No. 4:16-cv-02147-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 11, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent P. McCowan ID: D29422  
B4 / Cell 137  
P.O. Box 1050  
Soledad, CA 93960

Dated: October 11, 2016

Susan Y. Soong  
Clerk, United States District Court

By:_____  
Ivy Lerma Garcia, Deputy Clerk to the  
Honorable DONNA M. RYU

4